IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOLONI REKLAM, SANAYI, TICARET LTD/STI,<br><br>Plaintiff,<br><br>vs.<br><br>VIACOM, INC.; and KEVIN KAY,<br><br>Defendants. | CASE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Koloni Reklam, Sanayi, Ticaret LTD/STI ("Plaintiff" or "KRST"), by and through its undersigned counsel, brings this Complaint against defendants Viacom, Inc. ("Viacom") and Kevin Kay, and alleges as follows:

## NATURE OF THE ACTION

1. Viacom is an American global mass media company with interests primarily in, but not limited to, cinema and cable television. It is the world's sixth largest broadcasting and cable company in terms of revenue (behind Comcast, The Walt Disney Company, Twenty-First Century Fox, Inc., Time Warner, and CBS Corporation, respectively). Voting control of Viacom is held by National Amusements, Inc., a privately owned theater company controlled in turn by billionaire Sumner Redstone. Including Spike, MTV, Comedy Central, Viacom Media Networks, and Paramount Pictures, Viacom operates approximately 170 networks reaching approximately 700 million subscribers in 160 countries.

2. To amass this series of holdings, Viacom has repeatedly purchased majority interests in privately-held companies and followed the same modus operandi: withhold financials from minority shareholders while using its sheer mass and complicated weave of

accounting relationships to hide or divert income at the expense of these shareholders, who are left in the dark.

3. This is precisely what happened with Bellator Sport Worldwide LLC ("Bellator"), the prominent mixed martial artists promotion company and one of its founding investors, Plaintiff KRST. Plaintiff brings this action against Viacom and Kevin Kay (president of Spike TV, and a manager of Bellator) for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and accounting.

## THE PARTIES

4. Plaintiff is a company based in Turkey. Plaintiff is a minority member of Bellator.

5. Defendant Viacom is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York.

6. Kevin Kay is a resident of New York. He is the President of Spike TV and is the primary decision maker for Viacom concerning Bellator matters.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over all Defendants because they each are either organized under Delaware law or transact business in this state. Furthermore, the Third Amended and Restated Operating Agreement of Bellator (the "Operating Agreement") provides that "[e]ach Member hereby consents to the exclusive jurisdiction of the state and federal courts sitting in Delaware in any action on a claim arising out of, under or in connection with [the] Agreement."

**FACTUAL ALLEGATIONS**

9. Bellator is a limited liability company engaged in the business of mixed martial arts promotion.

10. Bellator was founded in September 2008 by Bellator Chairman and Chief Executive Officer ("CEO") Bjorn Rebney.

11. In March 2009, Plaintiff invested US $1,000,000 as capital into Bellator as one of its founding shareholders.

12. In December 2010, Viacom, through its subsidiary MTV Networks, purchased a fifty (50) percent interest in Bellator.

13. In December 2011, Viacom or its subsidiary purchased a controlling interest in Bellator. After additional purchases in January 2013, April 2014, and June 2014, Viacom amassed a controlling interest equaling or exceeding ninety-seven (97) percent of Bellator.

14. Bellator has four (4) members. Plaintiff's current ownership interest in Bellator is approximately one (1) percent. Viacom's current ownership interest in Bellator is ninety-seven (97) percent. The remainder of the ownership interests in Bellator are held by two other members.

15. At all relevant times alleged herein, Viacom has controlled Bellator by owning a majority and controlling interest in Bellator.

16. Under the Operating Agreement, Kevin Kay, president of Spike TV, is one of Viacom's designated managers of Bellator (through MTV Networks) and the primary decision maker for Viacom concerning Bellator matters.

17. The parties have managed their affairs at all relevant times pursuant to the Operating Agreement.

18. Since Viacom became the controlling member of Bellator, it has acted in a manner contrary to the Operating Agreement by causing Bellator to breach provisions of the Operating Agreement to Viacom's benefit and at the expense of the remaining members.

19. Section 7.2(c) of the Operating Agreement provides that certain periodic reports, including unaudited balance sheets, unaudited income statements, cash flow statements, and changes in the Members' equity must be provided to the Members on a monthly, quarterly, and year-end basis. Prior to May 2015, the Members had not been provided with a report in a year, with a fifteen-month gap in statements before that.

20. In May 2015, in response to Plaintiff's demands, Viacom hastily provided financial statements that only highlight Viacom's failure to pursue all profits Bellator would be entitled to if Viacom had been acting in Bellator's interests rather than its own. These belated financial statements, however, are woefully insufficient and do not provide Plaintiff with the ability to perform any kind of meaningful accounting or determine whether Viacom has been properly allocating revenues owed to Bellator.

21. Viacom's failure to provide financials at regular intervals has made it impossible for Plaintiff to track Bellator's performance and the flow of monies in and out of the company, and the most recent report does not provide complete redress for the damages Plaintiff has suffered as a result of Viacom's deliberate attempts to conceal Bellator's financial status from its minority members.

22. Viacom's attempts to mislead minority members such as Plaintiff extend far beyond failure to provide regular financial updates. On information and belief, Viacom and Kevin Kay actively instructed members of management not to provide any information concerning the operation of Bellator to minority members in blatant violation of Viacom's

fiduciary duties as controlling member of Bellator and the clear and express provisions of the Operating Agreement and applicable law.

23. Viacom has further caused damage to Bellator and Plaintiff by causing its subsidiary, New Remote Productions, Inc., to repeatedly breach its license agreement ("License Agreement") with Bellator or by otherwise diverting revenues due to Bellator from the License Agreement. Section 13(b) of the License Agreement, which concerns "In-Show Sponsorship Integration," provides that Bellator shall be owed fifty (50) percent of "Net Sponsorship Revenue" received from advertisements that integrate multiple methods of promotion, such as televised commercial break advertisements combined with in-show logo placement on cage mats.

24. Countless advertisers across multiple advertiser categories have sponsored Bellator events through in-show sponsorship integration including logos and advertisements on Bellator's cage mats, through televised commercial spots on events, and through numerous additional in-show sponsorship integration elements. Advertising sponsorship revenues for these in-show sponsorship integrations run tens to hundreds of millions of dollars. Using its wide range of business interests, Viacom is able to divert income to its affiliated companies while purposefully obscuring the terms of these advertising contracts. By doing so, Viacom can retain all revenues within its empire while depriving Bellator and its minority members of the significant revenue that is diverted to its other business interests.

25. Over the past several years, *none* of this substantial revenue has been paid to Bellator. Receipt of this revenue would have made Bellator profitable, eliminated the need for further investment capital, and avoided dilution of Plaintiff's interest in Bellator.

26. In response to Plaintiff's letter dated April 1, 2015, Viacom conceded that Bellator was owed *three years'* worth of revenue from the License Agreement which had not been paid, and informed Plaintiff that an adjustment of $500,000 would be reflected in Bellator's next quarterly financial statements.  As Viacom had not provided timely financials to Plaintiff or otherwise explained how this unilateral allocation occurred, it was and remains impossible for Plaintiff to determine how much revenue is being diverted by Viacom to its other business interests.

27. Furthermore, Viacom's offer of $500,000 to be allocated to Bellator for three years' worth of In-Show Sponsorship Integration revenue is a transparent attempt to further mislead and placate Plaintiff in order to divert attention from the true sum owed to Bellator under the License Agreement.  Although Plaintiff cannot provide an accurate calculation of the sums owed to Bellator due to Viacom's intentional, fraudulent, and self-serving attempts to prevent minority members from having access to accurate and timely financial information, especially concerning integrated advertising revenue, Plaintiff estimates that the actual sum owed would be in the tens of millions to over a hundred million dollars.

28. Viacom's attempts to put its own and its subsidiaries' interests over the interests of Bellator and Bellator's minority members do not end with the diversion of In-Show Sponsorship Integration revenue due under the License Agreement.  In recent years, Viacom has directed its subsidiary, Spike TV, to substantially reduce the number of events produced by Bellator under the Spike – Bellator licensing deal, which has substantially diminished Bellator's revenues and harmed the interests of minority members such as Plaintiff.

29. Viacom has responded to complaints by minority members and previous members of management concerning Viacom's self-dealing and refusal to act in Bellator's best interests

by terminating the previous management team and acting to suppress all dissenting and critical minority opinion.

30.   Through its position of power as majority member of Bellator and as the owner of many other business interests that benefit from deals with Bellator, Viacom continues to harm minority members by placing them in the untenable position of being ignorant of the true financial situation of Bellator and unable to act in Bellator's interests.

31.   Viacom has consistently acted in its own self-interest to the detriment of Bellator and its minority members, and, as a result, Plaintiff has lost complete trust in Viacom as the majority owner of Bellator.

## COUNT I

**(Breach of Contract Against Viacom)**

32.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31, above.

33.   Plaintiff has performed all covenants, conditions, and promises required of it to be performed under the Operating Agreement and Amendments thereto and/or was excused from performing such obligations.

34.   At various times continuing to the present, Viacom has breached the Operating Agreement and Amendments thereto through the actions and omissions alleged above.

35.   As a direct and proximate result of Viacom's breach of the Operating Agreement and Amendments thereto, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II

**(Breach of Fiduciary Duty Against Viacom and Kevin Kay)**

36.   Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 35, above.

37. Viacom is and was at all relevant times the majority and controlling member of Bellator. Kevin Kay is and was at all relevant times the President of Spike TV and one of Viacom's managerial representatives of Bellator.

38. Plaintiff is and was at all relevant times a minority member of Bellator.

39. Viacom, the controlling member of Bellator, and Kevin Kay, a manager of Bellator, owed and continue to owe Plaintiff fiduciary duties of care, good faith, loyalty, and fidelity regarding all matters related to Bellator's business and financial affairs and/or related to Plaintiff's investment and interest in Bellator.

40. Viacom and Kevin Kay further owed a fiduciary duty to Plaintiff to use their ability to control Bellator in a fair, just, and equitable manner, and not to use Viacom's power as controlling member in a manner detrimental to Plaintiff.

41. Viacom and Kevin Kay breached their fiduciary duties to Plaintiff through the actions and omissions alleged above.

42. As a direct and proximate result of Viacom and Kevin Kay's breach of fiduciary duties and obligations, Plaintiff has been damaged in an amount to be proven at trial.

43. The wrongful acts of Viacom and Kevin Kay, as herein alleged, were done with malice, and with the intent to defraud and oppress Plaintiff, and maximize their personal gain, thereby entitling Plaintiff to punitive damages, according to proof.

## COUNT III

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Viacom)**

44. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 43, above.

45. Viacom at all relevant times had a duty to Plaintiff, as a member of Bellator, and as a party to the Operating Agreement and Amendments thereto, to act fairly and in good faith pursuant to its status as a member, and in carrying out its responsibilities under the Operating Agreement and Amendments thereto. Implicit in Viacom's obligations was the duty to act fairly and in good faith toward Plaintiff, and an obligation on the part of Viacom that it would do nothing to injure, frustrate, or interfere with the right of Plaintiff to receive the benefits of the Operating Agreement and Amendments thereto.

46. Viacom breached the implied covenant of good faith and fair dealing by unfairly dealing with Plaintiff and by acting in bad faith toward Plaintiff as alleged above.

47. As a direct result of the breaches of the implied covenant of good faith and fair dealing, as alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT IV

**(Unjust Enrichment Against Viacom)**

48. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 47, above.

49. Through its wrongful acts and conduct described above, Defendant has profited at the expense and exclusion of Plaintiff.

50. As a direct and proximate result of Viacom's wrongful acts and conduct, as described above, Plaintiff has suffered damages in an amount to be proven at trial.

## COUNT V

**(Accounting Against Viacom)**

51. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 50, above.

52. The amount of monies due to Bellator from Viacom is unknown to Plaintiff and cannot be ascertained without an accounting.

53. Plaintiff is entitled to an accounting under section 7.2(b) of the Operating Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Koloni Reklam, Sanayi, Ticaret LTD/STI prays for judgment in its favor against Defendants Viacom, Inc. and Kevin Kay, and respectfully requests the following relief:

    a. An accounting;

    b. An award to Plaintiff of compensatory damages in an amount to be proven at trial;

    c. An award to Plaintiff of punitive damages in an amount to be proven at trial;

    d. An award to Plaintiff of pre-judgment and post-judgment interest in the maximum amounts provided by law;

    e. An award to Plaintiff of its costs and expenses incurred in this action, including reasonable attorneys' fees; and

    f. Any and all other relief this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: April 21, 2016                              ARCHER & GREINER P.C.

                                                       By:/s/ Peter L.Frattarelli
                                                          Peter L. Frattarelli (DE No. 2871)
                                                          Jennifer L. Dering (DE No. 4918)
                                                          300 Delaware Avenue
                                                          Suite 1100
                                                          Wilmington, DE 19801
                                                          Phone: (302) 777-4350
                                                          Fax: 302-777-4352
                                                          Email: jdering@archerlaw.com
                                                          Attorneys for Plaintiff

OF COUNSEL:
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
Ekwan E. Rhow
John K. Rubiner
Gopi K. Panchapakesan
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Phone (310) 201-2100
Email: erhow@birdmarella.com
        jrubiner@birdmarella.com
        gpanchapakesan@birdmarella.com
Attorneys for Plaintiff

114161230v1