IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOLONI REKLAM, SANAYI, TICARET LTD/STI, <br><br> Plaintiff, <br><br> v. <br><br> VIACOM INC. and KEVIN KAY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )  C.A. No. 1:16-cv-00285-SLR |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jon E. Abramczyk (#2432)
D. McKinley Measley (#5108)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jabramczyk@mnat.com
dmeasley@mnat.com
  *Attorneys for Defendants*

July 8, 2016

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

      A.      The Bellator Operating Agreement. ............................................................. 3

      B.      Plaintiff's Procedural Misfires. .................................................................... 5

ARGUMENT ............................................................................................................................ 5

   I.    PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED. ........................................................................... 6

   II.   PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED. ........................................................................... 8

      A.      Viacom Does Not Owe Fiduciary Duties To Bellator Or Plaintiff. ........................................................................................................ 8

      B.      The Complaint Fails To State A Claim For Breach Of Fiduciary Duty Against Kay. ..................................................................... 8

   III.  PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENENT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED. ......................................................................... 12

   IV.  PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED. ......................................................................... 13

   V.   PLAINTIFF'S CLAIM FOR AN ACCOUNTING SHOULD BE DISMISSED. ............................................................................................... 14

CONCLUSION ....................................................................................................................... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................5, 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................5, 10

*Dawson v. Pittco Capital Partners, L.P.*,
   2012 WL 1564805 (Del. Ch. Apr. 30, 2012).................................................................8

*Desimone v. Barrows*,
   924 A.2d 908 (Del. Ch. 2007).....................................................................................11

*DiRienzo v. Lichtenstein*,
   2013 WL 5503034 (Del. Ch. Sept. 30, 2013)..............................................................12

*Feldman v. Cutaia*,
   951 A.2d 727 (Del. 2008)..............................................................................................9

*Glob. Recycling Sols., LLC v. Greenstar New Jersey, LLC*,
   2011 WL 4501165 (D. Del. Sept. 28, 2011)............................................................7, 12

*Hartsel v. Vanguard Grp., Inc.*,
   2011 WL 2421003 (Del. Ch. June 15, 2011), *aff'd*, 38 A.3d 1254 (Del. 2012).........9

*In re Burlington Coat Factory Secs. Litig.*,
   114 F.3d 1410 (3d Cir. 1997).......................................................................................3

*Kamen v. Kemper Fin'l Servs., Inc.*,
   500 U.S. 90 (1991).......................................................................................................10

*Khanna v. McMinn*,
   2006 WL 1388744 (Del. Ch. May 9, 2006)................................................................10

*MCG Capital Corp. v. Maginn*,
   2010 WL 1782271 (Del. Ch. May 5, 2010)...........................................................10, 14

*Metro. Life Ins. Co. v. Tremont Grp. Holdings, Inc.*,
   2012 WL 6632681 (Del. Ch. Dec. 20, 2012)..............................................................13

*NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*,
   118 A.3d 175 (Del. 2015) .............................................................................................9

*Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*,
 112 A.3d 878 (Del. 2015), *as revised* (Mar. 27, 2015) ............................................................. 12

*Nemec v. Shrader*,
 991 A.2d 1120 (Del. 2010) ........................................................................................................ 11

*Pharmathene, Inc. v. SIGA Techs., Inc.*,
 2011 WL 4390726 (Del. Ch. Sept. 22, 2011) ........................................................................... 13

*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
 845 A.2d 1031 (Del. 2004) .......................................................................................................... 9

*Touch of Italy Salumeria & Pasticceria, LLC v. Bascio*,
 2014 WL 108895 (Del. Ch. Jan. 13, 2014) ............................................................................... 14

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*,
 140 F.3d 478 (3d Cir. 1998) ........................................................................................................ 6

*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*,
 901 A.2d 106 (Del. 2006) ............................................................................................................ 7

*Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*,
 752 A.2d 1175 (Del. Ch. 1999) ................................................................................................... 6

**Rules and Statutes**

6 *Del. C.* § 18-1101(c) ....................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 5, 10

Fed. R. Civ. P. 23.1 ............................................................................................................................. 9

Defendants Viacom Inc. and Kevin Kay ("Defendants") hereby submit this Opening Brief in Support of Their Motion to Dismiss Plaintiff's Verified Complaint ("Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1.

## INTRODUCTION

The Complaint is the *third* attempt by Plaintiff Koloni Reklam, Sanayi, Ticaret LTD/ST to prosecute meritless claims against Viacom Inc. ("Viacom"), and the second against Kevin Kay ("Kay"), all in a transparent effort to force a buyout of Plaintiff's minority ownership interest in Bellator Sport Worldwide LLC ("Bellator"), a mixed martial arts promotion company. In July 2015, Plaintiff filed a complaint in California state court asserting the same causes of action, supported by the same allegations set forth in the Complaint, but the court dismissed that action in light of the unambiguous exclusive Delaware forum selection clause in the Bellator Operating Agreement. In January 2016, Plaintiff re-filed virtually the same complaint in the Superior Court of the State of Delaware—this time adding a claim against Kay—but dismissed its case because the complaint included equitable claims (as did the California complaint), over which the Superior Court lacked jurisdiction. Having filed first in the wrong state, and then in a court without equity jurisdiction, Plaintiff's third attempt is equally flawed. It should be dismissed.

The Complaint asserts five counts, alleging breaches of the Bellator Operating Agreement, common law fiduciary duties, and the implied covenant of good faith and fair dealing, as well as claims for unjust enrichment and an accounting. All five counts are asserted against Viacom; the fiduciary duty count is also asserted against Kay, one of Bellator's managers. Through a series of repetitive and unfocused allegations, Plaintiff seeks damages from Viacom and Kay based on allegations that they failed to adequately inform Plaintiff of Bellator's operations and that they diverted to Viacom revenue owed to Bellator.

Plaintiff's claims are all defective on their face.  First, Viacom is not a member of Bellator and is not a party to the Bellator Operating Agreement that controls this dispute.  Thus Viacom could not have breached any express or implied provision of that agreement.  Second, even if Viacom were a member of Bellator, the Operating Agreement expressly eliminates fiduciary duties of any member.  Third, the Complaint asserts direct claims, but as set forth below, those claims are actually derivative claims and the Complaint contains no particularized allegations that the three-person Management Committee of Bellator could not adequately consider a demand.  Even if such claims were properly pled directly, the conclusory allegations offered to support them are insufficient to state a claim.  Fourth, the Bellator Operating Agreement governs the complained of conduct and precludes a claim for unjust enrichment.  Fifth, contrary to the language relied upon by Plaintiff, the Bellator Operating Agreement provides no right to an accounting.

Accordingly, and as explained more fully below, this Court should dismiss each of Plaintiff's legally deficient claims against Viacom and Kay.

## STATEMENT OF FACTS

Bellator was formed on September 3, 2008, and currently has four members, including MTV Networks ("MTVN"),[1] which holds approximately a 97% interest, and Plaintiff, which holds approximately a 1% interest.  Compl. ¶¶ 10, 14.  Two other members—neither of which is Viacom or affiliated with Viacom—hold the remaining 1% interests.  *Id.*

---

[1] This interest is held through MMA HoldCo Inc., a subsidiary of Viacom International Inc.—***not*** Viacom Inc.

Plaintiff invested in Bellator in March 2009.  Compl. ¶ 11.  MTVN first invested in Bellator in December 2010, and, through a series a purchases, acquired its controlling interest in Bellator by June 2014.  Compl. ¶¶ 12-13.

### A. The Bellator Operating Agreement.

Bellator—a limited liability company—is governed by the Third Amended and Restated Operating Agreement of Bellator (the "Bellator Operating Agreement" or the "Agreement"),[2] of which Bellator and its members are parties.  *See* Ex. A p. 1 and App. A.  Viacom is not a manager or member of Bellator (*see* Ex. A at App. A).

Since October 2014, Bellator has been managed by a three-member committee (the "Management Committee"), to which each member is designated by MTVN for as long as MTVN holds at least a 15% interest.[3]  Ex. A § 4.1(b) (as amended Oct. 20, 2014).  Currently, Kay is a member of the Management Committee.  Compl. ¶ 16.  Kay is also the president of Spike TV.  Compl. ¶ 16.  Pursuant to the Bellator Operating Agreement, "all powers to control and manage the Business and affairs of [Bellator] shall be exclusively vested in the Management Committee," except as otherwise provided.  Ex. A § 4.3.

In accordance with 6 *Del. C.* § 18-1101(c),[4] the Bellator Operating Agreement eliminates all fiduciary duties for members.  *See* Ex. A § 4.11.  Specifically, Section 4.11

---

[2]  The Bellator Operating Agreement is attached hereto as Ex. A.  It may be considered on a motion to dismiss because it is "integral to [and] explicitly relied upon" in the Complaint.  *See In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

[3]  MTVN has the designation right for so long as MTVN and/or its Affiliates collectively hold at least a 15% interest.  *See* Ex. A, Amendment No. 7 § 4.1(b).  The term Affiliates is defined broadly in the Bellator Operating Agreement and includes MMA Holdco Inc.

[4]  6 *Del. C.* § 18-1101(c) states:

(Continued . . .)

3

provides that "[a] member shall not have any duties, fiduciary or otherwise, to [Bellator] or to the other Members, other than the contractual obligations of such Members set forth herein."  With respect to managers, Section 4.1(g) of the Bellator Operating Agreement states:

> Each Manager shall perform his duties as a Manager in good faith, in a manner he reasonably believes to be in the best interests of the Company, and with such care as an ordinarily prudent person in a like position would use under similar circumstances.  A person who so performs his duties shall not have any liability by reason of being or having been a Manager of the Company.

The Bellator Operating Agreement provides that each member has the right to reasonable access and to inspect the books and records listed in Sections 7.1(a) and 7.2(a) of the Bellator Operating Agreement, so long as the member's purpose is "reasonably related to such Member's interest as a member of [Bellator]."  In addition, Section 7.2(c) of the Bellator Operating Agreement requires Bellator to deliver to members certain periodic financial reports, including Bellator's audited and unaudited balance sheets, income statements, and cash flow statements.  Ex. A § 7.2(c).[5]

---

(. . . continued)
> To the extent that, at law or in equity, a member or manager or other person has duties (including fiduciary duties) to a limited liability company or to another member or manager or to another person that is a party to or is otherwise bound by a limited liability company agreement, the member's or manager's or other person's duties may be expanded or restricted or eliminated by provisions in the limited liability company agreement; provided, that the limited liability company agreement may not eliminate the implied contractual covenant of good faith and fair dealing.

[5]   In addition to the Bellator Operating Agreement, the Complaint vaguely references a licensing agreement between Bellator and New Remote Productions, Inc. ("New Remote"), a subsidiary of Viacom, pursuant to which Bellator agreed to produce certain mixed martial arts competition events for New Remote (the "License Agreement").  *See* Compl. ¶ 23.  Under Section 12(b) of the License Agreement, subject to certain limitations, Bellator is entitled to a portion of revenue derived from advertisers' agreements for in-show sponsorship during events.  Compl. ¶ 23.

4

The Bellator Operating Agreement is governed by Delaware law, and the members agreed that the state and federal courts of Delaware would have exclusive jurisdiction over disputes related to that agreement. Ex. A §§ 11.11, 11.12.

### B. Plaintiff's Procedural Misfires.

On July 13, 2015, Plaintiff filed a complaint in a California state court. Defendants filed and briefed a motion to stay or dismiss the case, which Plaintiff opposed. On October 30, 2015, the California court dismissed the action recognizing that it was barred by the Delaware forum selection clause in the Bellator Operating Agreement. On January 22, 2016, Plaintiff re-filed the same complaint in the Delaware Superior Court, except adding Kay as a defendant. On March 9, 2016, Defendants filed a motion to dismiss, after which Plaintiff dismissed that action, recognizing belatedly that the Delaware Superior Court lacked subject matter jurisdiction to adjudicate the equitable claims asserted. On April 21, 2016, Plaintiff re-filed the Complaint in this Court seeking the same relief sought in the prior two complaints. The Complaint contains five counts against Viacom, only one of which is pled against Kay: (1) breach of the Bellator Operating Agreement, (2) breach of fiduciary duties (also against Kay), (3) breach of the implied covenant of good faith and fair dealing, (4) unjust enrichment, and (5) an accounting. All five counts—most of which are based on the same facts and conclusory allegations—are legally deficient and must be dismissed for the reasons set forth below.

## ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. When considering a Rule 12(b)(6) motion, the court

accepts "as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

## I. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT SHOULD BE DISMISSED.

Count I of the Complaint alleges that Viacom breached the Bellator Operating Agreement by failing to comply with the reporting obligations of Section 7.2(c), and by causing information related to Bellator's operations to be withheld from minority members. Compl. ¶¶ 19-22. Count I is fatally flawed, and it should be dismissed.

As a threshold matter, Plaintiff's claim fails because Viacom is not a member of Bellator and not a party to the Bellator Operating Agreement. It is well-settled and a "general principal of contract law that only a party to a contract may be sued for breach of that contract." *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999). The Bellator Operating Agreement demonstrates on its face that Viacom is not a signatory to that contract. Indeed, it is nearly beyond comprehension that Plaintiff would name the wrong party here in its third iteration of this action, because Viacom notified Plaintiff in the motion to dismiss the California complaint for lack of venue, filed on August 17, 2015, that Viacom was not, *and never had been*, a member of Bellator. In its brief, Viacom specifically stated that MMA HoldCo Inc., a subsidiary of Viacom International Inc., holds the majority of members' interests in Bellator.[6] *See* Ex. B at p. 2 (Brief on MTD in CA). To settle any

---

[6] Viacom and MMA HoldCo Inc. are separate entities, and "Delaware law respects corporate formalities" absent "extremely limited circumstances," which are not present here. *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 379300, at *7 (Del. Super. Ct. Jan. 14, 2011). Indeed, Plaintiff fails to mention MMA HoldCo Inc. or its relationship to Viacom in the Complaint, much less plead facts to justify piercing the corporate veil of MMA HoldCo Inc.

6

confusion, Viacom further clarified that "Defendant Viacom is not (and has never been) a member of Bellator." *Id.* at 2 n.1.  Notwithstanding specific notice of this issue, <u>Plaintiff merely repeated its baseless allegation from the California complaint in the Delaware state court action, and now again in this Court, and fails once again to plead a tenable claim for breach of the Bellator Operating Agreement.</u>  By repeating this meritless allegation against an entity it apparently views as a "deep pocket," Plaintiff's goal of forcing a buyout of its minority interest in Bellator at a premium is starkly revealed.  Accordingly, the breach of contract claim against Viacom must be dismissed.  *See, e.g.*, *Glob. Recycling Sols., LLC v. Greenstar New Jersey, LLC*, 2011 WL 4501165, at *3 (D. Del. Sept. 28, 2011) (dismissing breach of contract claim pursuant to Rule 12(b)(6) against defendant who was not party to contract).[7]  Moreover, repleading this breach of contract claim against MMA HoldCo Inc. would be futile because MMA HoldCo Inc. has no duty to provide reports under Section 7.2(c) of the Bellator Operating Agreement.

In addition, Plaintiff alleges facts in the body of the Complaint relating to Viacom purportedly diverting revenue owed to Bellator in breach of Section 12(b) of the License Agreement.  *See* Compl. ¶¶ 23-27.  However, the alleged breach is not brought as a count or mentioned in Count I and, therefore, does not state a claim.  Even if it were a count, the Complaint fails to state a claim because neither Viacom nor Plaintiff is a party to the License Agreement.  Further, any such claim would be derivative and, as explained *infra* in Section II.B., Plaintiff lacks standing to bring a derivative claim.

---

[7]  Although the Complaint purports to plead breaches of the Bellator Operating Agreement "beyond the failure to provide regular financial updates," (Compl. ¶ 22), no provision other than Section 7.2(c) is identified as being breached.  Accordingly, no other claim for breach of contract has been stated.  *See Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 901 A.2d 106, 116 (Del. 2006) (finding that no breach of contract claim was stated because the plaintiff "d[id] not identify any express contractual obligation that was breached.").

II.     PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY SHOULD BE DISMISSED.

Count II of the Complaint alleges that Viacom and Kay breached their fiduciary duties owed to Plaintiff by withholding from minority members of Bellator information concerning Bellator's operations, and by depriving Bellator of revenue from in-show sponsorships. Compl. ¶¶ 20-22, 23-27. Plaintiff's claim cannot survive against Viacom because Viacom does not owe fiduciary duties to Bellator or its members. The claim also fails against Kay because it: (1) is derivative; and (2) it pleads only conclusory allegations.

A.     Viacom Does Not Owe Fiduciary Duties To Bellator Or Plaintiff.

Because Viacom is not a member of Bellator, it cannot owe fiduciary duties to members of the LLC. And even if Viacom were a party to the Bellator Operating Agreement, there is no viable fiduciary duty claim because Section 4.11 of the Bellator Operating Agreement disclaims all fiduciary duties between members. Pursuant to Section 4.11, "[a] member shall not have any duties, fiduciary or otherwise, to [Bellator] or to the other Members, other than the contractual obligations of such Members set forth herein." Accordingly, Viacom does not owe fiduciary duties to Plaintiff, and the claim must be dismissed. *See Dawson v. Pittco Capital Partners, L.P.*, 2012 WL 1564805, at *28 (Del. Ch. Apr. 30, 2012) (dismissing claim because LLC agreement eliminated members' fiduciary duties), *judgment entered*, (Del. Ch. Sept. 24, 2013).

B.     The Complaint Fails To State A Claim For Breach Of Fiduciary Duty Against Kay.

The Complaint also fails to state a claim against Kay. Section 4.1(g) of the Bellator Operating Agreement states:

> Each Manager shall perform his duties as a Manager in good faith, in a manner he reasonable believes to be in the best interests of the

8

> Company, and with such care as an ordinarily prudent person in a like position would use under similar circumstances. A person who so performs his duties shall not have any liability by reason of being or having been a Manager of the Company.

To the extent Section 4.1(g) can be read to impose any fiduciary duties on Kay, the claim nevertheless fails because any fiduciary duty claim is a derivative claim since the harm from any breach falls on the company, and the company will receive the benefit of any recovery from his misconduct. Under Delaware law, whether a fiduciary duty claim is derivative or direct turns on: "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004); *see also NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 179 (Del. 2015) (explaining that the *Tooley* analysis applies to fiduciary duty claims). The test has been articulated as follows:

> Where all of a corporation's stockholders are harmed and would recover *pro rata* in proportion with their ownership of the corporation's stock solely because they are stockholders, then the claim is derivative in nature. The mere fact that the alleged harm is ultimately suffered by, or the recovery would ultimately inure to the benefits of, the stockholders does not make a claim direct . . . . In order to state a direct claim, the plaintiff must have suffered some individualized harm not suffered by all of the stockholders at large.

*Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008) (footnote omitted).

Here, Plaintiff's purported direct claim for breach of fiduciary duty is premised on alleged injuries suffered directly by Bellator—namely, the loss of advertising income to Bellator. Compl. ¶¶ 24-25, 28. Because any loss of revenue is suffered by Bellator, and secondarily by all stockholders on a *pro rata* basis in proportion with their ownership, the claim is derivative and Plaintiff does not have standing to pursue it directly. *See Hartsel v. Vanguard Grp., Inc.*, 2011

9

WL 2421003, at *18-20 (Del. Ch. June 15, 2011) (holding that fiduciary duty claims based on a diminution in value of stock was derivative because all stockholders suffered on pro rata basis), *aff'd*, 38 A.3d 1254 (Del. 2012).

Plaintiff cannot circumvent its lack of standing and pursue the derivative claim because it has not alleged demand futility as required by Federal Rule of Civil Procedure 23.1.[8] Specifically, the Complaint fails to "state with particularity . . . any effort . . . to obtain the desired action from the directors . . . [or] the reasons for not obtaining the action or not making the effort." *Id.* The Complaint states no allegations as to why demand would be futile; indeed, it does not identify the other managers or the timing of alleged breaches. *See Khanna v. McMinn*, 2006 WL 1388744, at *14 (Del. Ch. May 9, 2006) (stating that the demand futility analysis "is fact-intensive and proceeds director-by-director and transaction-by-transaction."). Because Plaintiff makes no well-pled allegation that a majority—or any member for that matter—of the Management Committee could not have considered a demand, Plaintiff's derivative claim must be dismissed. *See MCG Capital Corp. v. Maginn*, 2010 WL 1782271, at *18 (Del. Ch. May 5, 2010) ("Demand is not excused simply by naming the directors as defendants in the suit or alleging that they participated in the challenged transaction.").

Even if demand were excused, the claim still must be dismissed under Rule 12(b)(6) because the Complaint fails to plead sufficient factual allegations to establish a breach of fiduciary duty. As noted, the Complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677-78 (quoting *Twombly*, 550 U.S. at 570). The

---

[8] Although federal law governs the pleading standard, Delaware law governs the underlying substantive requirements governing the adequacy of Plaintiff's derivative claim, including the pre-suit demand requirement. *See Kamen v. Kemper Fin'l Servs., Inc.*, 500 U.S. 90, 95-97 (1991).

sole fact pled to support the claim against Kay is that "Viacom and Kevin Kay actively instructed members of management not to provide any information concerning the operation of Bellator to minority members in blatant violation of Viacom's fiduciary duties . . . ." Compl. ¶ 22. This conclusory allegation fails to identify which managerial duties the alleged breach relates to, when the alleged breach occurred, or whether the Management Committee acquiesced in the purported request and if so whether or how the Plaintiff was damaged. Accordingly, Plaintiff's bald assertion fails to state a claim for breach of fiduciary against Kay and must be dismissed. *See, e.g.*, *Desimone v. Barrows*, 924 A.2d 908, 928 (Del. Ch. 2007) ("[A] complaint alleging breach of fiduciary duty must plead facts supporting an inference of breach, not simply a conclusion to that effect.").

The claim for breach of fiduciary duty fails for an additional, independent reason: it is precluded by the provisions of the Bellator Operating Agreement. The Complaint alleges that Kay breached his fiduciary duties by preventing the disclosure of Bellator's financial information to Bellator's minority members. Compl. ¶¶ 20-22. However, the Bellator Operating Agreement addresses the disclosure of such information as part of the contractual obligations specified in the Agreement (*see* Ex. A §§ 7.1(a), 7.2), and therefore no claim for breach of fiduciary duties can survive. *See, e.g.*, *Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010) ("It is a well-settled principle that where a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim."). Indeed, Plaintiff effectively concedes that the Bellator Operating Agreement addresses this purported wrong because Plaintiff pleads the same allegations to support both the breach of fiduciary duty and the contract claims for nondisclosure. *See* Compl. ¶¶ 19-22.

11

### III. PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED COVENENT OF GOOD FAITH AND FAIR DEALING SHOULD BE DISMISSED.

Count III alleges that Viacom breached the covenant of good faith and fair dealing implied in the Bellator Operating Agreement by "unfairly dealing with Plaintiff and by acting in bad faith toward Plaintiff . . . ." Compl. ¶ 46. Again, the claim fails because Viacom is not a party to the Bellator Operating Agreement. Under Delaware law, "the implied covenant only applies to the parties of a contract." *DiRienzo v. Lichtenstein*, 2013 WL 5503034, at *35 (Del. Ch. Sept. 30, 2013) (dismissing claim); *Glob. Recycling Sols., LLC*, *LLC*, 2011 WL 4501165, at *5 (dismissing claim). Accordingly, Plaintiff's claim must be dismissed.

The implied covenant claim also fails as a matter of law because the Bellator Operating Agreement governs the complained of conduct, and under Delaware law, the implied covenant "does not apply when the contract addresses the conduct at issue." *Nationwide Emerging Managers, LLC v. Northpointe Holdings, LLC*, 112 A.3d 878, 897 (Del. 2015), *as revised* (Mar. 27, 2015). Plaintiff appears to base its implied covenant claim on allegations that Viacom withheld information from minority members by "hastily provid[ing] financial statements" and instructing management to conceal information of Bellator's affairs. Compl. ¶¶ 20, 22. However, express provisions of the Bellator Operating Agreement address the rights and obligations relating to these issues. Specifically, Section 7.2(a) governs Bellator's general duty to keep books and records and other materials, including Management Committee meeting minutes; Section 7.2(b) governs members' access to the books and records and other materials; and 7.2(c) governs Bellator's financial reporting obligations. Indeed, Plaintiff concedes that the Bellator Operating Agreement explicitly controls the alleged wrongs. *See* Compl. ¶ 19 (alleging breach of Section 7.2(c)); ¶ 22 (alleging Defendants withheld information from minority members "in blatant violation of . . . the ***clear and express provisions*** of the Operating

12

Agreement") (emphasis added).  Because Plaintiff has failed to identify any alleged breach that is not also governed by the Bellator Operating Agreement, the implied covenant claim cannot survive.

### IV. PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT SHOULD BE DISMISSED.

Count IV alleges that Viacom was unjustly enriched by retaining in-show sponsorship revenue rightfully owed to Bellator under the License Agreement.  Compl. ¶ 24.  Count IV fails because (1) it is derivative, and (2) the Bellator Operating Agreement controls.

First, as with the fiduciary duty claim stemming from the same conduct, this claim seeks recovery for the loss of income to Bellator and, therefore, is derivative in nature.  *See Metro. Life Ins. Co. v. Tremont Grp. Holdings, Inc.*, 2012 WL 6632681, at *9 (Del. Ch. Dec. 20, 2012) (holding that unjust enrichment and fiduciary duty claims were derivative in nature because the injury of diminution in the company's value, "damaged the [stockholders] only to the extent of their proportionate interest" in the company).  Because Plaintiff has failed to make a demand or plead demand futility, the claim must be dismissed.  *See supra* Section II.B.

Second, this claim is precluded as a matter of law because the Bellator Operating Agreement and the License Agreement address the alleged wrong.  Section 12(b) of the License Agreement (as amended) expressly defines Bellator's rights with respect to revenue derived from in-show sponsorship integration.  Therefore, Count IV must be dismissed because it fails to overcome the threshold inquiry of unjust enrichment claims:  "whether a contract already governs the relevant relationship between the parties.  If so, then the contract remains the measure of [the] plaintiff's right."  *Pharmathene, Inc. v. SIGA Techs., Inc.*, 2011 WL 4390726, at *27 (Del. Ch. Sept. 22, 2011) (internal quotations omitted).  Here, the contract governs, and Plaintiff cannot properly allege a quasi-contractual claim for unjust enrichment.

V. PLAINTIFF'S CLAIM FOR AN ACCOUNTING SHOULD BE DISMISSED.

In Count V, Plaintiff claims entitlement to an accounting pursuant to Section 7.2(b) of the Bellator Operating Agreement. This claim fails because Section 7.2(b) does not provide a right of accounting; it entitles members to access and inspect the books and records of Bellator subject to certain limitations. Specifically, Section 7.2(b) permits members "to have reasonable access to and inspect the items specified in Section 7.1(a) and the books and records specified in Section 7.2(a) and to copy the contents of the books and records specified in Section 7.2(a), in each case for any purpose reasonably related to such Member's interest as a member of [Bellator]," provided that such access is at Bellator's principal place of business during business hours and is in a manner which should not interrupt Bellator's operations.

Additionally, under Delaware law, this purported claim for accounting "is really a remedy ple[d] as a cause of action," which does not survive if the underlying cause of action fails to state a claim. *See MCG Capital Corp.*, 2010 WL 1782271, at *25; *see also Touch of Italy Salumeria & Pasticceria, LLC v. Bascio*, 2014 WL 108895, at *8 (Del. Ch. Jan. 13, 2014) (dismissing requests for relief plead as causes of action because underlying claims were dismissed). Because this count does not state a claim, Plaintiff's request for the equitable remedy of an accounting must be stricken.

14

## CONCLUSION

For the reasons stated above, the Defendants respectfully request that the Court dismiss the Complaint with prejudice.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jon E. Abramczyk*
Jon E. Abramczyk (#2432)
D. McKinley Measley (#5108)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jabramczyk@mnat.com
dmeasley@mnat.com
   *Attorneys for Defendants*

July 8, 2016