IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOLONI REKLAM, SANAYI, TICARET LTD/STI, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 16-285-SLR |
| | ) | |
| VIACOM, INC. and KEVIN KAY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

## I.     INTRODUCTION

Plaintiff Koloni Reklam, Sanayi, Ticaret LTD/STI is a minority member of Bellator

Sport Worldwide LLC ("Bellator"), a Delaware limited liability company. (D.I. 1 ¶ 4; D.I.

9, Ex. A) Plaintiff asserts that defendant Viacom, Inc. ("Viacom") is the controlling

member of Bellator. (*Id.* at ¶¶ 14-15) Defendant Kevin Kay is a Bellator manager

(collectively with Viacom, "defendants"). (*Id.* at ¶¶ 6, 14-15) On April 21, 2016, plaintiff

filed a complaint in this court asserting five claims against Viacom, and one claim

against Kay: (1) breach of the LLC operating agreement; (2) breach of the implied

covenant of good faith and fair dealing; (3) breach of common law fiduciary duties (also

against Kay); (4) an accounting; and (5) unjust enrichment. (D.I. 1 ¶¶ 32-53)

Currently before the court is defendants' motion to dismiss pursuant to Federal

Rules of Civil Procedure 12(b)(6) and 23.1. (D.I. 6) The court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). For the reasons discussed

below, defendants' motion to dismiss is granted.

## II.    BACKGROUND

### A.    Parties

Viacom is a global mass media company with interests in cinema and cable television, including Spike TV, MTV, Comedy Central, and Paramount Pictures.  (D.I. 1 ¶ 1)  Bellator was formed on September 3, 2008 to promote mixed martial arts.  (*Id.* at ¶¶ 9, 10)  It currently has four members, including MTV Networks ("MTVN").  (*Id.* at ¶ 14)  MTVN holds a 97% interest in Bellator, plaintiff holds a 1% interest, and the two remaining members—neither of which are related to Viacom—hold the remaining interest.  (*Id.* at ¶ 14)

MTVN's interest in Bellator is held through MMA HoldCo Inc., a subsidiary of Viacom International Inc.  (D.I. 8 at 2 n. 1)  Viacom International Inc. is a subsidiary of Viacom Inc., the defendant in this action.  *See* CBS Operations Inc., General Statement of Acquisition of Beneficial Ownership (Sch. 13D/A) (Feb. 7, 1997).[1]  Thus, Viacom holds no direct interest in Bellator.  Kay is currently president of Spike TV and a member of Bellator's management committee.  (D.I. 1 ¶ 16)

Plaintiff invested in Bellator in March 2009.  (*Id.* at ¶ 11)  MTVN first invested in Bellator in December 2010 and, through a series a purchases, acquired its controlling interest in Bellator by June 2014.  (*Id.* at ¶¶ 12-13)

### B.    Relevant Contract Provision

Bellator is governed by its Third Amended and Restated Operating Agreement (the "Operating Agreement").  (D.I. 9, Ex. A)  The Operating Agreement itself is

---

[1]     The court may take judicial notice of matters of public record, including public documents filed with the Securities and Exchange Commission.  *In re Chemed Corp., S'holder Derivative Litig.*, 2015 WL 9460118, at *1 n. 2 (D. Del. Dec. 23, 2015).

governed by Delaware law. (*Id.* at § 11.11) The parties to the Operating Agreement

are Bellator and its members. (*Id.* at p. 1 & App'x A) Because Viacom is not a member

of Bellator, it is not a party to the Operating Agreement. (*Id.*)

Since October 2014, Bellator has been managed by a three-member committee

(the "Management Committee"). (D.I. 8 at 3) Pursuant to the Operating Agreement, "all

powers to control and manage the Business and affairs of [Bellator] shall be exclusively

vested in the Management Committee," except as otherwise provided. (D.I. 9, Ex. A §

4.3) MTVN has the power to designate each member of the Management Committee

as long as it holds at least a 15% interest in Bellator. (D.I. 9, Ex. A § 4.1(b))

In accordance with 6 Del. C. § 18-1101(c),[2] the Operating Agreement eliminates

all fiduciary duties for members. Specifically, Section 4.11 provides that "[a] member

shall not have any duties, fiduciary or otherwise, to [Bellator] or to the other Members,

other than the contractual obligations of such Members set forth herein." (*Id.* at § 4.11)

As for a manager's fiduciary duties, Section 4.1(g) states:

> Each Manager shall perform his duties as a Manager in good faith, in a
> manner he reasonably believes to be in the best interests of the
> Company, and with such care as an ordinarily prudent person in a like
> position would use under similar circumstances. A person who so
> performs his duties shall not have any liability by reason of being or
> having been a Manager of the Company.

(*Id.* at § 4.1(g)) Finally, Section 4.11 of the Operating Agreement disclaims all fiduciary

duties between members. Specifically, Section 4.11 states, "[a] member shall not have

---

[2]      6 Del. C. § 18-1101(c) allows a limited liability company agreement to "expand[ ]
restrict[ ] or eliminate[ ]" the fiduciary duties of a member, manager, or other person that
otherwise has duties in law or equity or is bound by the agreement, except the limited
liability company agreement may not eliminate the implied contractual covenant of good
faith and fair dealing.

any duties, fiduciary or otherwise, to [Bellator] or to the other Members, other than the contractual obligations of such Members set forth herein." (*Id.* at § 4.11)

Section 7.2(b) provides that each member has the right to reasonable access and to inspect the books and records listed in Sections 7.1(a) and 7.2(a) "for any purpose reasonably related to such Member's interest as a member of [Bellator]." (*Id.* at § 7.2(b)) Section 7.2(c) requires Bellator, at the end of each fiscal quarter, to deliver to members the company's balance sheets, income statements, and cash flow statements. (*Id.* at § 7.2(c))

## C.     Procedural History

On July 13, 2015, plaintiff filed a complaint in a California state court naming Viacom and Does 1-20 as defendants. (D.I. 8 at 5 & Ex. B) The California complaint asserted the same causes of action, supported by the same allegations, as those set forth in the complaint in this action. (D.I. 8 at 5) Defendants filed a motion to stay or dismiss the case, which plaintiff opposed. (*Id.*) In its briefing on that motion, Viacom notified plaintiff that it was not, and had never had been, a member of Bellator. (*Id.*) Specifically, Viacom stated that "MMA HoldCo Inc., a subsidiary of Viacom International Inc., holds the majority of the members' interests in Bellator." (D.I. 8, Ex. B at p. 2)

On October 30, 2015, the California court dismissed the action recognizing that it was barred by the Delaware forum selection clause in the Operating Agreement. (D.I. 8 at 5) On January 22, 2016, plaintiff re-filed the same complaint in the Delaware Superior Court, except adding Kay as a defendant. (*Id.*) On March 9, 2016, defendants filed a motion to dismiss, after which plaintiff dismissed that action, recognizing belatedly that the Delaware Superior Court lacked subject matter jurisdiction to

4

adjudicate the equitable claims asserted. (*Id.*) On April 21, 2016, plaintiff re-filed the same complaint in this court. (*Id.*)

## III.   STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Detailed factual allegations" are not required under Fed. R. Civ. P. 8, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. When considering a Rule 12(b)(6) motion, the court accepts "as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

## IV.   DISCUSSION

Defendants have moved to dismiss all five counts in the complaint: breach of the Operating Agreement; breach of the implied covenant of good faith and fair dealing; breach of fiduciary duties; an accounting; and unjust enrichment. (D.I. 6) Plaintiff asserts all five counts against Viacom and only the breach of fiduciary duty claim against Kay. Each claim will be discussed in turn.

### A.   Breach of Contract and Breach of the Implied Covenant

Count I of the complaint alleges that Viacom breached the Operating Agreement by failing to comply with the reporting obligations of Section 7.2(c), and by causing information related to Bellator's operations to be withheld from minority members. (D.I. 1 ¶¶ 19-22) Count III alleges that Viacom breached the covenant of good faith and fair

5

dealing implied in the Operating Agreement by "unfairly dealing with Plaintiff and by acting in bad faith toward Plaintiff . . . ." (D.I. 1 ¶ 46)

Plaintiff's claims fail, because Viacom is not a party to the Operating Agreement. It is a well-settled principal of contract law that "only a party to a contract may be sued for breach of that contract." *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999). Similarly, "the implied covenant only applies to the parties of a contract." *DiRienzo v. Lichtenstein*, 2013 WL 5503034, at \*35 (Del. Ch. Sept. 30, 2013); *Global Recycling Solutions, LLC v. Greenstar N.J., LLC*, 2011 WL 4501165, at \*5 (D. Del. Sept. 28, 2011) (dismissing claims for breach of contract and breach of the implied covenant because Greenstar was not a party to the contract). The Operating Agreement demonstrates on its face that Viacom is not a signatory to that contract. Accordingly, counts I and III against Viacom must be dismissed.

The court is not persuaded by plaintiff's argument that these claims survive under a veil piercing theory. (D.I. 11 at 4-6) Viacom, Viacom International, and MMA HoldCo Inc. are separate entities, and "Delaware law respects corporate formalities" absent "extremely limited circumstances," which are not present here. *O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 379300, at \*7 (Del. Super. Jan. 14, 2011). As the Delaware Superior Court explained:

> Fraud is one circumstance under which a parent company can be held liable for a subsidiary's action. Another circumstance is when the subsidiary is merely an instrumentality or alter ego of the parent corporation. The degree of control that would be required to "pierce the veil" and hold the parent corporation liable would be a degree of control by the parent corporation that the subsidiary no longer has legal or independent significance of its own. The key to this degree of control is an absence of corporate formalities separating the parent and the subsidiary, "such as where the assets of the two entities are commingled, and their operations intertwined."

6

*Id.* (quoting *Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989)). Plaintiff has not alleged such control over MMA HoldCo by Viacom that the court should pierce the corporate veil not only of MMA HoldCo but Viacom International as well. Indeed, plaintiff fails to mention MMA HoldCo Inc., Viacom International, or their relationship to Viacom in the complaint, much less plead facts showing control.

In its answering brief, plaintiff contends that four allegations demonstrate that Viacom "dominates the activities" of MMA Holdco: (1) plaintiff sought and received financial statements from Viacom, bypassing MMA Holdco; (2) plaintiff confronted Viacom, not MMA Holdco, about alleged diversion of revenues; (3) Viacom allegedly instructed management to withhold information on operations; and (4) the previous management at Bellator was allegedly terminated at Viacom's direction. (D.I. 11 at 5-6 (citing D.I. 1 ¶¶ 20, 22, 26, 29)) As an initial matter, plaintiff cannot manufacture an agency relationship by confronting Viacom rather than MMA HoldCo. The remaining allegations are conclusory assertions of control unsupported by well-pleaded facts from which the court can reasonably infer that Viacom took the alleged actions. Conclusory allegations are insufficient grounds for piercing the corporate veil. *See Mobil Oil Corp. v. Linear Films, In*c., 718 F. Supp. 260, 272 (D. Del. 1989) (rejecting plaintiff's argument that one corporation directed the alleged infringement by the another corporation, because it was "simply a conclusion without factual basis."); *O'Leary*, 2011 WL 379300, at *8 (disregarding plaintiff's conclusory averments that a parent company ratified and

approved the acts of a subsidiary constituting a breach of the contract). Accordingly, counts I and III of plaintiff's complaint are dismissed for failure to state a claim.[3]

## B. Breach of Fiduciary Duty and an Accounting

Count II of the complaint alleges that Viacom and Kay breached their fiduciary duties owed to plaintiff by withholding from minority members information concerning Bellator's operations, and by depriving Bellator of substantial revenue from in-show sponsorships. (D.I. 8 at 8; D.I. 1 ¶¶ 20-22, 23-27) Plaintiff's claim against Viacom fails, because Viacom is not a member or manager of Bellator and, therefore, does not owe any fiduciary duties to Bellator or its members.

Kay argues that the fiduciary duty claim against him fails because it is derivative and plaintiff failed to plead demand futility. (D.I. 8 at 9-10) Under Delaware law, whether a fiduciary duty claim is direct or derivative turns on: "(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?"[4] *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004); *see also NAF Holdings, LLC v. Li & Fung (Trading) Ltd.*, 118 A.3d 175, 179 (Del. 2015) (explaining that the *Tooley* analysis applies to fiduciary duty claims).

---

3       Plaintiff has asked for discovery to determine whether an agency relationship exists between Viacom and MMA HoldCo. (D.I. 11 at 8) Plaintiff has not shown that this information cannot be obtained through a books and records request under Section 7.2(b) of the Operating Agreement. *See, e.g., Seinfeld v. Verizon Commc'ns, Inc.*, 909 A.2d 117, 124 n. 45 (listing several cases where stockholders were granted the right to inspect books and records for possible waste and mismanagement).

4       Although federal law governs the pleading standard, Delaware law governs the underlying substantive requirements governing the adequacy of plaintiff's derivative claim, including the pre-suit demand requirement. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95-97 (1991).

Plaintiff's claim against Kay based on loss of substantial revenue is derivative, because any loss is suffered directly by Bellator, and secondarily by all members on a pro rata basis in proportion to their ownership. *See Hartsel v. Vanguard Grp., Inc.*, 2011 WL 2421003, at \*18-20 (Del. Ch. June 15, 2011) (holding that fiduciary duty claims based on a diminution in value of stock was derivative because all stockholders suffered on pro rata basis), *aff'd*, 38 A.3d 1254 (Del. 2012); *Feldman v. Cutaia*, 951 A.2d 727, 734-35 (Del. 2008) (mismanagement resulting in a decrease in the value of stock is a derivative claim); *Thornton v. Bernard Tech., Inc.*, 2009 WL 426179, at \*3 (Del. Ch. Feb. 20, 2009) (allegations of waste and self-dealing transactions are generally derivative instead of direct). Because this claim is derivative, plaintiff was obligated under Fed. R. Civ. P. 23.1 to plead demand futility, which it did not. Accordingly, plaintiff's derivative claim against Kay based on the loss of substantial revenue is dismissed.

Plaintiff appears to have also inartfully pled a claim for breach of fiduciary duty against Kay based on the failure to provide "regular financial updates" and "information concerning the operation of Bellator" to minority members. (D.I. 8 at 8; D.I. 1 ¶¶ 20-22) Normally, non-disclosure claims are direct claims where the defendant has failed to disclose material information he had a duty to disclose. *See, e.g., Freedman v. Adams*, 2012 WL 1345638, at \*16 n. 154 (Del. Ch. Mar. 30, 2012). However, Delaware law "does not allow fiduciary duty claims to proceed in parallel with breach of contract claims unless" there is an "independent basis for the fiduciary duty claims apart from the contractual claims." *CIM Urban Lending GP, LLC v. Cantor Commercial Real Estate Sponsor, L.P.*, 2016 WL 768904, at \*3 (Del. Ch. Feb. 26, 2016) (quoting *Renco Grp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 394011, at \*7 (Del. Ch. Jan. 29, 2015)).

The Operating Agreement addresses plaintiff's rights to financial statements and other information. (D.I. 9, Ex. A at §§ 7.1 & 7.2) Plaintiff has not identified any independent duty giving rise to Kay's fiduciary duty to disclose the information at issue. Accordingly, plaintiff's breach of fiduciary duty claim against Kay based on non-disclosure is dismissed, because it should be brought as a breach of contract claim. *See Nemec v. Shrader*, 991 A.2d 1120, 1129 (Del. 2010) ("It is a well-settled principle that where a dispute arises from obligations that are expressly addressed by contract, that dispute will be treated as a breach of contract claim," and "any fiduciary claims arising out of the same facts that underlie the contract obligations would be foreclosed as superfluous"); *CIM Urban Lending*, 2016 WL 768904, at \*3 (dismissing breach of fiduciary duty claim as duplicative of the contract claim).

## C. Unjust Enrichment

Count IV alleges that the same conduct giving rise to Viacom's breaches of fiduciary duty also resulted in an unjust enrichment. (D.I. 1 ¶ 24) Specifically, Viacom was unjustly enriched by retaining in-show sponsorship revenue rightfully owed to Bellator. (*Id.*) Count IV is derivative in nature for the same reasons that the breach of fiduciary duty claim is derivative: the claim seeks recovery for the loss of income to Bellator. *See Metro. Life Ins. Co. v. Tremont Grp. Holdings, Inc.*, 2012 WL 6632681, at \*9 (Del. Ch. Dec. 20, 2012) (holding that unjust enrichment and fiduciary duty claims were derivative in nature because the injury of diminution in the company's value, "damaged the [stockholders] only to the extent of their proportionate interest" in the company). Because plaintiff has failed to make a demand or plead demand futility, count IV is dismissed pursuant to Fed. R. Civ. P. 23.1.

### D.    Accounting

In count V, plaintiff claims entitlement to an accounting pursuant to Section 7.2(b) of the Operating Agreement.  (D.I. 1 ¶¶ 51-53)  This claim fails, because the Operating Agreement does not provide a right to an accounting.  Section 7.2(b) in particular only entitles members to access and inspect the books and records of Bellator subject to certain limitations.  (D.I. 9, Ex. A § 7.2(b)).  In its answering brief, plaintiff attempts to re-plead its accounting claim as a remedy for breaches of fiduciary duty.  (D.I. 11 at 13) "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Hughes v. United Parcel Serv., Inc.*, 639 F. App'x 99, 104 (3d Cir. 2016).  Accordingly, count V is dismissed for failure to state a claim.

### V.    CONCLUSION

Defendants have asked that dismissal be with prejudice.  (D.I. 12 at 2)  The court questions whether dismissal should be with prejudice considering that this is plaintiff's third attempt to go forward on the same complaint, and plaintiff has not corrected a key deficiency of which it was made aware on the first try.  Nevertheless, this is the first time a court has addressed the substantive allegations in the complaint.  Accordingly, defendants' motion to dismiss (D.I. 6) is granted, and the complaint is dismissed without prejudice.  An appropriate order will be entered.

Dated: February _23_ , 2017

_____
Senior United States District Judge