IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOLONI REKLAM, SANAYI, TICARET LTD/STI, <br><br> Plaintiff, <br><br> vs. <br><br> BELLATOR SPORT WORLDWIDE, LLC <br><br> Defendant. | CASE NO. 16-285-SLR <br><br> JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

Plaintiff Koloni Reklam, Sanayi, Ticaret LTD/STI ("Plaintiff" or "KRST"), by and through its undersigned counsel, brings this First Amended Complaint against Defendant Bellator Sport Worldwide, LLC ("Bellator" or the "Company"), and alleges as follows:

### I.

### NATURE OF THE ACTION

1. Defendant Bellator is a mixed martial arts ("MMA") promotion company that was founded in 2008. Its controlling shareholder is Viacom, Inc. ("Viacom"), which holds its majority interest in Bellator through a holding company.

2. Viacom is an American global mass media company with interests primarily in, but not limited to, cinema and cable television. It is the world's sixth largest broadcasting and cable company in terms of revenue (behind Comcast, The Walt Disney Company, Twenty-First Century Fox, Inc., Time Warner, and CBS Corporation, respectively). Voting control of Viacom is held by National Amusements, Inc., a privately owned theater company controlled in turn by billionaire Sumner Redstone. Including Spike, MTV, Comedy Central, Viacom Media

Networks, and Paramount Pictures, Viacom operates approximately 170 networks reaching approximately 700 million subscribers in 160 countries.

3. To amass this series of holdings, Viacom has repeatedly purchased majority interests in privately-held companies and followed the same modus operandi: withhold financials from minority shareholders while using its sheer mass and complicated weave of accounting relationships to hide or divert income at the expense of these shareholders, who are left in the dark.

4. This is precisely what happened with Bellator, and one of its founding members, Plaintiff KRST. Plaintiff brings this action against Bellator for breach of contract and breach of the implied covenant of good faith and fair dealing for Bellator's failure to provide Plaintiff with accurate and complete financials under the Third Amended and Restated Operating Agreement of Bellator (the "Operating Agreement").

## II.

## THE PARTIES

5. Plaintiff is a company based in Turkey. Plaintiff is a minority member of Bellator.

6. Defendant Bellator is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Santa Monica, California. Bellator is engaged in the business of mixed martial arts promotion.

7. Upon information and belief, Bellator's registered agent is Business Filings Incorporated, 108 West 13th Street, Wilmington, DE 19801.

### III.

### JURISDICTION AND VENUE

8. Subject matter jurisdiction is proper in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. This Court has personal jurisdiction over Defendant Bellator because it is organized under Delaware law and/or transacts business in this state. Furthermore, the "Operating Agreement" provides that "[e]ach Member hereby consents to the exclusive jurisdiction of the state and federal courts sitting in Delaware in any action on a claim arising out of, under or in connection with [the] Agreement."

### IV.

### FACTUAL ALLEGATIONS

10. Bellator was founded in September 2008 by former Bellator Chairman and CEO Bjorn Rebney.

11. In March 2009, Plaintiff invested US $1,000,000 as capital into Bellator as one of its founding members.

12. In December 2010, Viacom, through its division MTV Networks, purchased a fifty (50) percent interest in Bellator. That interest is held through MMA HoldCo, Inc. ("MMA HoldCo").

13. In December 2011, Viacom, through MMA HoldCo or another subsidiary, purchased a controlling interest in Bellator. After additional purchases in January 2013, April 2014, and June 2014, Viacom amassed a controlling interest equaling or exceeding ninety-seven (97) percent of Bellator.

14. Bellator currently has two (2) members. Plaintiff's current ownership interest in Bellator is approximately one (1) percent. Viacom's current ownership interest in Bellator, held through MMA HoldCo, is ninety-nine (99) percent. There are no other members of Bellator. Bellator at all relevant times has been managed under the Operating Agreement.

15. Under Section 7.2(c) of the Operating Agreement, the Company is obligated to provide its members with quarterly financial reports, including unaudited balance sheets, unaudited income statements, cash flow statements, and changes in members' equity. Following the end of each fiscal year, the Company is also obligated to provide its members with these same financial reports, except the income statement and balance sheet must be audited.

16. Prior to May 2015, Plaintiff had not been provided with any such financial reports by the Company for a year, with a fifteen-month gap prior to that.

17. In May 2015, in response to Plaintiff's demands, Viacom hastily provided financial statements. Plaintiff is informed and believes that these statements are inaccurate, incomplete, and materially misstated.

18. These statements should reflect hundreds of millions of dollars in revenues due to Bellator under an advertising agreement ("Programming/License Agreement") that Bellator entered into with a subsidiary of Viacom concerning the production of Bellator events. Under this agreement, Bellator is due 50% of all advertising revenues generated by such events. As explained below, the belatedly provided financial statements conspicuously do not reflect the overwhelming majority of such revenues.

19. Countless advertisements have appeared during the nearly 200 Bellator events that have taken place to date, including advertisements from major beer companies, motion picture studios, and video game manufacturers.

20. Along with belatedly providing financial reports in May 2015, Viacom conceded that Bellator was owed three years' worth of revenue from the Programming/License Agreement which had not been paid, and informed Plaintiff that an adjustment of $505,000 would be reflected in Bellator's next quarterly financial statements. Plaintiff is informed and believes that this amount is grossly inaccurate and does not reflect the hundreds of millions in advertising revenue Bellator is owed under the Programming/License Agreement. As the Company had not provided timely financials to Plaintiff or otherwise explained how this unilateral allocation occurred, without an accurate and complete financial picture, it was and remains impossible for Plaintiff to determine how much such revenue is missing from Bellator's financials.

21. The Company's failure to provide financial reports at the contractually mandated intervals has made it impossible for Plaintiff to track Bellator's performance and the flow of monies in and out of the company. Therefore, the most recent reports provided to Plaintiff, which Plaintiff is informed and believes are inaccurate, incomplete, and materially misstated, do not provide complete redress for the damages Plaintiff has directly suffered.

## COUNT I

### (Breach of Contract Against Bellator)

22. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 21, above.

23. Plaintiff has performed all covenants, conditions, and promises required of it to be performed under the Operating Agreement and amendments thereto and/or was excused from performing such obligations.

24. At various times continuing to the present, Bellator has breached the Operating Agreement and amendments thereto through the actions and omissions alleged above.

25. As a direct and proximate result of Bellator's breach of the Operating Agreement and Amendments thereto, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II

### (Breach of the Implied Covenant of Good Faith and Fair Dealing Against Bellator)

26. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 25, above.

27. Bellator at all relevant times had a duty to Plaintiff, as a party to the Operating Agreement and amendments thereto, to act fairly and in good faith in carrying out its responsibilities under the Operating Agreement and amendments thereto. Implicit in Bellator's obligations was the duty to act fairly and in good faith toward Plaintiff, and an obligation on the part of Bellator that it would do nothing to injure, frustrate, or interfere with the right of Plaintiff to receive the benefits of the Operating Agreement and amendments thereto.

28. Bellator breached the implied covenant of good faith and fair dealing by unfairly dealing with Plaintiff and by acting in bad faith toward Plaintiff as alleged above.

29. As a direct result of the breaches of the implied covenant of good faith and fair dealing, as alleged herein, Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Koloni Reklam, Sanayi, Ticaret LTD/STI prays for judgment in its favor against Defendant Bellator, and respectfully requests the following relief:

    a. An award to Plaintiff of compensatory damages in an amount to be proven at trial;

   b. An award to Plaintiff of pre-judgment and post-judgment interest in the maximum amounts provided by law;

   c. An award to Plaintiff of its costs and expenses incurred in this action, including reasonable attorneys' fees; and

   d. Any and all other relief this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Dated: March 23, 2017        ARCHER & GREINER P.C.

                  By: /s/ Jennifer L. Dering
                    Peter L. Frattarelli (DE No. 2871)
                    Jennifer L. Dering (DE No. 4918)
                    300 Delaware Avenue
                    Suite 1100
                    Wilmington, DE 19801
                    Phone: (302) 777-4350
                    Fax: 302-777-4352
                    Email: jdering@archerlaw.com
                    Attorneys for Plaintiff

OF COUNSEL:
BIRD, MARELLA, BOXER, WOLPERT,
NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
Ekwan E. Rhow
Gopi K. Panchapakesan
1875 Century Park East, 23rd Floor
Los Angeles, California 90067
Phone (310) 201-2100
Email: erhow@birdmarella.com
    gpanchapakesan@birdmarella.com
Attorneys for Plaintiff

115857102v1

3380244.1           7