IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KOLONI REKLAM, SANAYI, TICARET LTD/STI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case. No. 1:16-cv-00285-SLR |
| BELLATOR SPORT WORLDWIDE LLC, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY BRIEF IN FURTHER
<u>SUPPORT OF ITS MOTION TO DISMISS</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jon E. Abramczyk (#2432)
D. McKinley Measley (#5108)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jabramczyk@mnat.com
dmeasley@mnat.com
  *Attorneys for Bellator Sport Worldwide LLC*

July 14, 2017

i.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... II

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 3

      I.      KRST FAILS TO STATE A CLAIM FOR BREACH OF THE
             BELLATOR OPERATING AGREEMENT. ........................................... 3

           A.     KRST Does Not Meet the Applicable Standard on a Motion
                 to Dismiss...................................................................................... 3

           B.     KRST Fails to Sufficiently Allege that Bellator Breached
                 the Operating Agreement. ............................................................. 3

      II.     KRST FAILS TO ADEQUATELY ALLEGE ECONOMIC
             DAMAGES....................................................................................... 9

      III.    IQBAL DOES NOT PERMIT DISCOVERY WHERE KRST
             FAILS TO STATE AN IMPLIED COVENANT CLAIM................... 10

CONCLUSION............................................................................................................ 10

ii.

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Bd. of Sch. Directors of Millcreek Twp. Sch. Dist.*,
574 Fed. Appx. 169 (3d Cir. 2014) .........................................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......................................................................................... *passim*

*Bakerman v. Sidney Frank Importing Co.*
2006 WL 3927242 (Del. Ch. Oct. 10, 2006) ..........................................................10

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...............................................................................................3, 7

*Caiola Family Trust v. PWA, LLC*,
2014 WL 7232276 (Del. Ch. Dec. 19, 2014) ..................................................1, 7, 8

*Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*,
27 A.3d 531 (Del. 2011) ..........................................................................................7

*Fisher v. Big Squeeze (N.Y.), Inc.*,
349 F. Supp. 2d 483 (E.D.N.Y. 2004) ................................................................1, 8

*Joseph Penar Family Trust v. Adams*,
2016 WL 1730765 (Del. Ch. Apr. 28, 2016), *aff'd sub nom. Joseph Penar
Family Trust by Penar v. Adams*, 151 A.3d 896 (Del. 2016) ...................................5

*Latesco, L.P. v. Wayport, Inc.*,
2009 WL 2246793 (Del. Ch. July 24, 2009)..........................................................10

*McDermott v. Clondalkin Grp., Inc.*,
2016 WL 2893844 (3d Cir. May 18, 2016) .............................................................4

*Nemec v. Shrader*,
991 A.2d 1120 (Del. 2010) ....................................................................................10

*Palmer v. Moffat*,
2004 WL 397051 (Del. Super. Ct. Feb. 27, 2004)...................................................9

*UtiliSave, LLC v. Miele*,
2015 WL 5458960 (Del. Ch. Sept. 17, 2015) ..........................................................9

iii.

<u>TABLE OF AUTHORITIES</u> (Continued)

<u>Page(s)</u>

**Rules and Statutes**

F.R.C.P. 12(b)(6) ......................................................................................................................3

<u>INTRODUCTION</u>

As Bellator demonstrated in its moving brief, both claims asserted in the Amended Complaint are fatally deficient and should be dismissed with prejudice.  First, Count I alleges a breach of the Bellator Operating Agreement.  But the Amended Complaint identifies only a single contractual provision – Section 7.2(c) – which requires Bellator to provide its members with certain quarterly financial reports.  FAC ¶ 15.  As KRST admits in the Amended Complaint, Bellator provided its members with those financial statements.  FAC ¶ 17.

Faced with that undisputed fact, KRST attempts to allege that the financial statements Bellator provided were inaccurate because, KRST claims on information and belief, Bellator should have received additional revenue under a contract KRST vaguely calls the Programming/License Agreement.   But as Bellator established in its opening brief, such conclusory allegations based on information and belief fail to state a claim.  Likewise, Count II – alleging breach of an implied covenant – fails as a matter of Delaware law because KRST does not identify any contractual gap in the Operating Agreement for the implied covenant to fill, and the claim is thus impermissibly duplicative of Count I.  Finally, KRST fails plausibly to allege economic damages, an essential element of its contract claims.

In its opposition brief, Plaintiff insists that it has a viable claim for breach of the Operating Agreement, relying principally on two cases, *Caiola Family Trust v. PWA, LLC*, 2014 WL 7232276 (Del. Ch. Dec. 19, 2014) and *Fisher v. Big Squeeze (N.Y.), Inc.*, 349 F. Supp. 2d 483 (E.D.N.Y. 2004).  Neither case is apposite.  In *Caiola*, the Delaware Court of Chancery applied a more lenient standard than applicable in this court under *Twombly* and *Iqbal*.  And even there, the court required concrete allegations drawn from the company's documents.  Likewise, *Fisher* was decided under the "relaxed" pre-*Twombly* pleading standard.  And

substantively, the plaintiff in *Fisher* pleaded that certain revenues were understated under a contract that was the subject of the lawsuit.

KRST fails to meet its burden under Supreme Court precedent to plead facts showing a plausible right to relief.  The operative allegations of the Amended Complaint are nothing but vague conjectures based on information and belief, not concrete facts drawn from documents.  *See*, *e.g.*, FAC ¶ 17 ("Plaintiff is informed and believes that these statements are inaccurate, incomplete, and materially misstated"); FAC ¶ 20 ("Plaintiff is informed and believes that this amount is grossly inaccurate and does not reflect the hundreds of millions in advertising revenue Bellator is owed under the Programming/License Agreement").   Under Rule 12(b)(6) and well-established law, a plaintiff cannot plead a claim based on its own "information and belief" unless the requisite factual information is exclusively within the control of the defendant. Here, KRST has the right under the Operating Agreement to inspect the Company's books and records, so long as its purpose for inspection is reasonably related to its interest as a member of Bellator.  For reasons KRST never explains, it did not bother to exercise its inspection rights, even after this Court highlighted those inspections rights in its recent order granting the motion to dismiss KRST's prior complaint.  Instead, KRST seeks to revive its moot claim for access to Bellator financial statements based solely on its own belated speculation on "information and belief" concerning the accuracy of the financial statements that Bellator furnished to KRST. This is not enough to survive a motion to dismiss.

KRST's other arguments – that it sufficiently pled damages and should be entitled to discovery on Count II – are equally meritless.  Damages must be pled, yet no specific harm is alleged here.  And *Iqbal* precludes the fishing expedition KRST seeks to conduct when it argues Count II "should be allowed to proceed to discovery."  A meritless claim should not be permitted

to proceed past the pleadings.  For a fourth time, KRST fails to state a viable claim.  This action should be dismissed with prejudice.

ARGUMENT

I.      **KRST FAILS TO STATE A CLAIM FOR BREACH OF THE BELLATOR OPERATING AGREEMENT.**

  A.      **KRST Does Not Meet the Applicable Standard on a Motion to Dismiss.**

As noted in the Opening Brief, to survive a motion to dismiss under Rule 12(b)(6), plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.  "The plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  As described in more detail below, this is a higher pleading standard than the standard applied in the authorities KRST relies upon, and KRST has failed to satisfy the applicable standard.

  B.      **KRST Fails to Sufficiently Allege that Bellator Breached the Operating Agreement.**

As alleged in the Amended Complaint and explained in the moving brief, upon receiving KRST's request for the reports contemplated by Section 7.2(c) of the Operating Agreement, Bellator promptly provided KRST with financial statements.  FAC ¶ 17.  In its opposition, KRST baldly argues that it states a claim for breach of Section 7.2(c) because the financial statements it received are purportedly "*inaccurate and misleading*."  Opp. Br. at 6.  KRST's argument should be rejected fails for two reasons:  (1) KRST cannot rely on allegations

4.

made upon information and belief when it had possession of and access to the relevant information to make proper allegations; and (2) the Amended Complaint lacks any specific, well-founded factual allegations that the financial statements were misleading or otherwise improper.

KRST cannot rely on its "information and belief" allegations because KRST has the financial reports it demanded. Even more, KRST had a contractual right under Section 7.2(b) of the Operating Agreement to inspect Bellator's books and records to confirm the accuracy of those financials. *See McDermott v. Clondalkin Grp., Inc.*, 2016 WL 2893844, at *4 (3d Cir. May 18, 2016). Likely realizing that such investigation would reveal no impropriety and preclude KRST from asserting its unfounded claims, KRST has not exercised its rights to inspect Bellator's books and records, even though this Court highlighted those rights when dismissing KRST's previous claim for an accounting. Mem. Op. (D.I. 15) p. 8.

The law is clear: a plaintiff may plead on information and belief only "where it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control." *McDermott*, 2016 WL 2893844, at *4. Further, pleading on information and belief must be based on an "inquiry reasonable under the circumstances." *Anderson v. Bd. of Sch. Directors of Millcreek Twp. Sch. Dist.*, 574 Fed. Appx. 169, 174 (3d Cir. 2014). Here, KRST not only has had the financial statements it demanded, rendering any claim for breach based on a failure to produce those documents moot, it also has had access to Bellator's books and records under Section 7.2(b) of the Operating Agreement. Accordingly, KRST is precluded from alleging that the financial statements are misleading based solely on bare allegations of "information and belief." Delaware courts have routinely dismissed such threadbare complaints and admonished plaintiffs for failing to use the "tools at hand" to inspect a company's books and records before attempting to plead a claim based upon threadbare allegations and strained

5.

inferences.  *See, e.g.*, *Joseph Penar Family Trust v. Adams*, 2016 WL 1730765, at *7 (Del. Ch. Apr. 28, 2016) ("One mechanism for [vindicating a breach] would be the use of Section 18–305 [statutory analog to 8 *Del. C.* § 220] as a tool to obtain disgorgement of books and records sufficient to this inquiry.  Here, for reasons, again, never explained, the Plaintiffs forwent that step. They seek to rely on inferences that are so disconnected from any pled facts that I am unable to vindicate them even on the standard of a motion to dismiss."), *aff'd sub nom. Joseph Penar Family Trust by Penar v. Adams*, 151 A.3d 896 (Del. 2016).

Even if the allegations in the Amended Complaint were not improperly based on "information and belief," the Amended Complaint still would not pass muster under *Iqbal* because the allegations do not rise above the level of mere speculation, and thus cannot "state a claim for relief that is plausible on its face."  *See Iqbal*, 556 U.S. at 677-78.  In its opposition brief, KRST relies on three allegations for its claim of breach, none of which salvages its pleading.  Opp. Br. at 3-4.

First, KRST argues that its allegation that the financial statements were "hastily provided" provides support for a claim that those statements were inaccurate or incomplete. Opp. Br. at 3.  But there is no plausible basis to infer that documents promptly provided to KRST upon its request were inaccurate.  Instead, the "obvious alternative explanation" is that the financial statements were simply provided to KRST expeditiously and in the ordinary course when requested by KRST.  *See Iqbal*, 556 U.S. at 682 ("As between that 'obvious alternative explanation' for the arrests, *Twombly*, *supra*, at 567 [], and the purposeful, invidious discrimination respondent asks us to infer, discrimination is not a plausible conclusion.").

Second, KRST argues that it has adequately alleged the financial statements were inaccurate because KRST believes that Bellator was not paid advertising revenues to which it

was entitled under the Programming/License Agreement (a contract that is not the subject of this action and to which KRST is not a party).  But KRST's belief is based solely on its speculation that, because "countless advertisements have appeared during the nearly 200 Bellator events that have taken place to date," "hundreds of millions of dollars in revenues" must be missing.  Opp. Br. at 3; FAC ¶ 19.  KRST's conjecture of the appropriate amount of revenues Bellator *should have received* is not tied to any facts, lacks basis in reality, and is insufficient to require Bellator to continue defending itself in this action.  For example, KRST's allegations contain no facts concerning the amount of revenue actually received.  The Amended Complaint offers nothing more than KRST's bald speculation concerning any amount owed to Bellator under the Programming/License Agreement.  That is not enough.

Third, KRST claims that the "belated reflection of $505,000 in advertising revenues is not accurate because Bellator, despite KRST's request, has never explained" how the adjustment was calculated.  Opp. Br. at 4.  The allegation contains no facts, merely conclusory assertions.  For example, KRST does not allege how the request was made, when, where and to whom.  Even accepting this allegation as true for purposes of this motion, KRST had the benefit of access to Bellator's books and records to enable it to ascertain the rationale for the adjustment, yet still failed to plead any facts to support that the revenue adjustment was inaccurate.  KRST cannot state a claim by alleging that it did not receive a satisfactory response, particularly when it has not first used the "tools at hand" to inform itself.

Neither of the cases that KRST relies upon in its opposition brief supports KRST.  Opp. Br. at 5-6.  As a threshold matter, neither was decided under the *Twombly/Iqbal* standard applicable in this Court on a Rule 12(b)(6) motion.  *Caiola* was decided under the more lenient "reasonably conceivable" Delaware state pleading standard rather than the current federal

standard. *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC,* 27 A.3d 531, 535 (Del. 2011) ("When reviewing a ruling on a motion to dismiss, we … accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim … and [] do not affirm a dismissal unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances."). In *Caiola*, the court applied that "reasonable conceivability" standard in denying the motion to dismiss, finding that plaintiff's allegations "*conceivably* could support a claim for breach of the Operating Agreement." *Caiola*, 2014 WL 7232276, at *8 (emphasis added). Plausibility, not conceivability, is the standard here, and KRST cannot avail itself of Delaware state court's lower pleading standard to save its pleading. Likewise, *Fisher v. Big Squeeze* was decided pre-*Twombly*, under the prior "relaxed" federal notice pleading standard then applicable on a motion to dismiss. *See Twombly*, 550 U.S. at 575 (Stevens, J., dissenting) ("Under the relaxed pleading standards of the Federal Rules, the idea was not to keep litigants out of court but rather to keep them in. The merits of a claim would be sorted out during a flexible pretrial process…"). Accordingly, neither case is applicable here.

Both cases are also factually different. In *Caiola,* the plaintiff alleged that the managing member of an LLC violated an operating agreement by improperly paying itself management fees, furnishing misleading financial reports, and mismanaging the LLC's business. The defendants did not dispute that it had paid the alleged improper asset management fees, but claimed that the amount paid was not sufficiently material to violate the agreement. The Court of Chancery declined to dismiss the complaint because "[t]he materiality of an alleged breach of contract … is a question of fact generally not suitable for disposition in the context of a motion under Rule 12(b)(6)." *Caiola*, 2014 WL 7232276, at *8.

In addition, the *Caiola* court declined to dismiss the complaint because the

plaintiff alleged, among other things, specific allegations about increases in costs for payroll and other expenses. More specifically, in stark contrast to KRST's pleadings, the court in *Caiola* relied on concrete allegations drawn from the company's documents, including records of "various expense reimbursements" to the property manager and the company's financial treatment of certain debts on its balance sheets that provided sufficient facts from which it could be inferred that the managing member manipulated the cash flow statements. *Id.* at *3. The complaint also contained specific allegations that the financial statements were misleading based on plaintiff's analysis of the accounting treatment reflected on the financial statements. *Id*. at *6. Here, by contrast, KRST relies only on conclusory allegations and speculation.

Likewise, in *Big Squeeze*, the plaintiff sold product formulas and trademarks in his orange juice business to defendants in exchange for shares in the defendant company, and claimed the defendant breached a shareholder agreement, as well as licensing and commission agreements. *Big Squeeze*, 349 F. Supp. 2d at 482. The plaintiff was a party to each of those agreements and alleged "defendants failed to provide him with monthly profit and loss statements" and failed to pay him a license fee for each case of orange juice sold, both of which he was entitled to under the agreements. By contrast, KRST concedes that it has been provided the financial statements contemplated by the relevant agreement. Moreover, KRST is not a party to the Programming/License Agreement and offers no well-pleaded allegations to support its conclusory allegation that the financial statements do not "reflect the hundreds of millions in advertising revenue that Bellator is owed under the Programming/License Agreement" (FAC ¶ 20), an agreement that KRST admits is not the subject of this lawsuit. In sharp contrast to *Big Squeeze* where the plaintiff was entitled to specific amounts for licensing his former product that

he was not receiving, KRST simply urges the Court to find that Bellator should have received more revenues from a contract to which it is not a party and is not the subject of this lawsuit.

II.      KRST FAILS TO ADEQUATELY ALLEGE ECONOMIC DAMAGES.

At the pleading stage, a plaintiff must "plead facts supporting a reasonable inference that [defendant's] breach caused the [plaintiff] economic harm." *UtiliSave, LLC v. Miele*, 2015 WL 5458960, at *10 (Del. Ch. Sept. 17, 2015).  In its opposition brief, KRST states that it may have suffered damages by its inability to track the performance of the company and value its shares during the 15-month period it complains about.  Opp. Br. at 7.  That allegation does not support a claim for economic damages arising from breach of Section 7.2(c).  Any damages are entirely speculative, as KRST's brief itself admits when it hypothesizes that "if … the value of the Company increased or decreased substantially … that would have certainly influenced Koloni's decisions." *Id*.  Absent a factual allegation of economic harm resulting from the alleged breach, a claim for breach of contract should be dismissed for failure to state a claim.  Both Counts I and II should be dismissed on this basis alone.

KRST also argues that even if it suffered no damages from the alleged breach, it could still be entitled to nominal damages.  Opp. Br. at 8.  But Delaware courts will not permit claims subject only to nominal damages to proceed to trial if "[there is no danger] plaintiff's rights would ripen into a prescriptive right in favor of the defendant," or "no proof of substantial loss or injury or willful wrongdoing by the defendant."  *Palmer v. Moffat,* 2004 WL 397051, at *4 (Del. Super. Ct. Feb. 27, 2004) (dismissing claims).  Here, there are no factual allegations of substantial loss or injury, or willful wrongdoing by Bellator.  Because none of those concerns is present here and "trial on liability would be a futile exercise for all entities involved," the Court should dismiss the Amended Complaint.  *Id.* at *5.

III.   *IQBAL* DOES NOT PERMIT DISCOVERY WHERE KRST
       FAILS TO STATE AN IMPLIED COVENANT CLAIM.

As Bellator explained in its moving brief, KRST's breach of implied covenant claim fails as a matter of law because KRST has not identified any contractual gap or basis to apply the covenant.  *See Nemec v. Shrader*, 991 A.2d 1120, 1127 (Del. 2010).  In its opposition brief, KRST still only cites to specific sections of the Operating Agreement without identifying a specific gap in those provisions warranting application of the implied covenant.  Opp. Br. at 8-9.

Instead, KRST argues that it should be permitted to take discovery.  KRST relies upon *Bakerman v. Sidney Frank Importing Co.* 2006 WL 3927242 (Del. Ch. Oct. 10, 2006).  Again, KRST fails to acknowledge the very different standards applicable in this Court.  *Iqbal* simply does not permit the type of discovery fishing expedition that KRST proposes.  Where – as here – a plaintiff fails to plead facts plausibly showing entitlement to relief, the plaintiff is not entitled to take discovery.  *Iqbal*, 556 U.S. at 679 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

Even if this Court could put aside this controlling Supreme Court precedent, Count II still would not survive under Delaware's more lenient pleading standard.  The Court of Chancery has specifically held that the implied covenant does not apply as a matter of law to negotiated provisions of a contract like the provisions at issue here.  *See Latesco, L.P. v. Wayport, Inc.*, 2009 WL 2246793, at *9 n.33 (Del. Ch. July 24, 2009) (dismissing implied covenant claim and stating that information rights are "routinely negotiated for, and are not a proper subject for a claim of breach of the covenant of good faith and fair dealing").  Thus, KRST has not stated an implied covenant claim and should not be permitted discovery.

<u>CONCLUSION</u>

For the reasons stated above and in its Opening Brief, Bellator respectfully requests that the Court dismiss the Amended Complaint with prejudice.

11.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jon E. Abramczyk*
Jon E. Abramczyk (#2432)
D. McKinley Measley (#5108)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jabramczyk@mnat.com
dmeasley@mnat.com
    *Attorneys for Bellator Sport Worldwide LLC*

July 14, 2017